Pratt, J.
This is an appeal from the decree of the surrogate of Putnam county, allowing the claim of Phebe A. Kinmer, against the estate of Seth N. Kinmer, for money, due upon the promissory notes made by the deceased, amounting to $2,140.
It is not necessary to discuss what this appeal brings up for review, or whether any of the. appellants are in a position to claim that any error was committed in allowing the claim, as we think, upon the merits, the decision was right.
The making of the notes was admitted, and they were produced by Mrs. Kinmer upon the trial, where she testified *619 that they had been in her possession since they were made. Her testimony is corroborated by the declarations of Seth Kinmer to various persons.
There was also ample proof of consideration. It was competent for Seth Kinmer to make an arrangement with his wife by which she should have the money paid for board by Ferguson, and-the profits resulting from the keeping of poultry.
It is a fair inference from the evidence that part of the consideration for the notes was borrowed from Mrs. Kinmer by her husband, but upon this point there is no direct proof, but it seems clear that the earnings of Mrs. Kinmer, obtained in the poultry business and keeping boarders under an agreement previously made that she should be entitled to them, belonged to her and form a part of her separate estate. Scoulder on Husband and Wife, § 149; Coleman v. Burr, 25 Hun, 239, 93 N. Y., 17; Reynolds v. Robinson, 64 id., 589, 593.
It is to be observed that the services in keeping Ferguson as a boarder were not for her husband, and the same may be said as to the keeping of poultry. If an appeal had been taken by a creditor, a different question would arise. It was distinctly held in Coleman v. Burr, that as between themselves a husband might relinquish to his wife his right to her earnings, even in his own household, so that she could hold them to her separate use.
The contract here is not that she shall be paid for performing her duty, but that she should have as her separate earnings the money received for the board of a person whom she was not obliged to work for, and which was to be paid to her individually.
We think, upon the facts and the law, the claim was properly allowed and the decree must be affirmed, with costs.
Barnard, P. J., and Dykman, J., concur.